UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RANDALL LYNN HARPER, an individual, | ) | Case No.: 11-cv-02903-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTIONS TO DISMISS WITH |
| | ) | PREJUDICE |
| CITY OF MONTEREY; MONTEREY POLICE | ) | |
| DEPARTMENT; DEBRA MALL, City | ) | |
| Attorney; CRISSY DAVI, City Attorney; | ) | |
| Monterey PD Chief of Police TIM SHELBY; | ) | |
| MARTY HART, Watch Commander; SGT. | ) | |
| ROBERT L. GUINVARCH; ADAM COSTA, | ) | |
| Traffic Officer; BRIAN ROBERTS d/b/a | ) | |
| MATTESON & BEERS TOWING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Randall Lynn Harper ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, alleging that Defendants violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights when Monterey City police officers towed Plaintiff's vehicle for noncompliance with the California Vehicle Code. Before the Court are two motions to dismiss. Defendants City of Monterey, Monterey Police Department, City Attorneys Debra Mall ("Mall") and Crissy Davi ("Davi"), Monterey Police Department Chief of Police Tim Shelby ("Shelby"), Watch Commander Marty Hart ("Hart"), Sergeant Robert L. Guinvarch ("Guinvarch") and Traffic Officer Adam Costa ("Costa") (collectively "City Defendants") move pursuant to Federal Rule of

1   Civil Procedure 12(b)(6) to dismiss all claims in Plaintiff's Complaint on the grounds that the

2   Complaint (1) is barred under res judicata, and (2) fails to state a claim upon which relief can be

3   granted.  *See* ECF No. 69.  Defendant Brian Roberts, individually and doing business as Matteson

4   & Beers Towing ("Roberts"), likewise moves to dismiss pursuant to Rule 12(b)(6) on the same

5   grounds.  *See* ECF No. 67.  Plaintiff failed to file a timely opposition.[1]  The Court finds this matter

6   appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and hereby

7   VACATES the hearing and case management conference scheduled for January 26, 2012.  Having

8   considered the parties' submissions and the relevant law, the Court hereby GRANTS Defendants'

9   motions to dismiss with prejudice.

10  **I.   BACKGROUND**

11       **A.  Facts[2]**

12

13  [1] Defendants originally moved to dismiss Plaintiff's Complaint on July 5, 2011 and July 6, 2011,
    respectively.  *See* ECF Nos. 23, 26.  In lieu of an opposition, Plaintiff untimely filed an "objection"
14  to the City Defendants' motion to dismiss, *see* ECF No. 50, but filed nothing resembling a response
    to Roberts' motion to dismiss.  In light of Plaintiff's pro se status, the Court will construe
15  Plaintiff's objection to City Defendants' motion to dismiss as an opposition, notwithstanding its
    untimeliness.  Nonetheless, as the City Defendants point out in their reply, *see* ECF No. 59,
16  Plaintiff's objection fails to respond to any of the City Defendants' arguments for dismissal,
    instead arguing, without basis, that the motion is procedurally improper, and citing several
17  inapposite passages of substantive law without explaining how they relate to this case.  City
    Defendants' motion complies with Federal Rule of Civil Procedure 12(b)(6) and will be
18  considered.  To the extent Plaintiff's objection is nonresponsive to the City Defendants' motion to
    dismiss, it will be disregarded.
19
            In addition, Plaintiff moved to strike both motions to dismiss, as well as to strike the City
20  Defendants' request for judicial notice, *see* ECF Nos. 51, 52, 55.  The City Defendants filed an
    opposition to Plaintiff's motion to strike.  ECF No. 64.  Roberts likewise filed a reply in support of
21  his motion to dismiss and an opposition to Plaintiff's motion to strike.  Roberts argued that
    Plaintiff's motion to strike should be construed as an untimely opposition and disregarded as such,
22  and that neither the Federal Rules of Civil Procedure nor the Local Rules provide for Plaintiff's
    motion to strike Defendants' motions to dismiss.  *See* ECF No. 61.  However, before either
23  Defendants' two motions to dismiss or Plaintiff's various motions to strike were ruled upon, this
    case was reassigned on September 27, 2011, to the undersigned judge.  *See* ECF No. 66.  The
24  reassignment order instructed the parties that all pending matters should be re-noticed for hearing
    before the undersigned.  *Id.*  While Defendants re-noticed their respective motions to dismiss,
25  Plaintiff did not re-notice his motions to strike the motions to dismiss or to strike the City
    Defendants' request for judicial notice.  Accordingly, the Court need not rule on Plaintiff's motions
26  to strike, which in any event are rendered moot by this Order.
27  [2] The following facts from Plaintiff's Complaint are taken to be true, for purposes of ruling on the
    motions to dismiss, except to the extent they are contradicted by judicially noticeable facts.
28

2

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1    On April 7, 2010, Plaintiff parked his vehicle on Pacific Street in Monterey, CA.  Compl. ¶

2    20.  When Plaintiff returned to his vehicle, Police Officer Costa asked whether he was the owner of

3    the vehicle.  *Id*. ¶ 27.  Plaintiff confirmed that he was the owner, and Officer Costa advised him

4    that his vehicle needed to be registered as a commercial vehicle.  *Id*. ¶ 28.  Officer Guinvarch

5    arrived at the scene, and subsequently, the Officers asked Plaintiff for his driver's license.  *Id*. ¶ 32.

6    In response, Plaintiff showed the officers a "book of evidence" demonstrating that Plaintiff had

7    opted out of any "contracts," including a driver's license and vehicle registration, with the State of

8    California.  *Id*. ¶¶ 33, 34.  The Officers informed Plaintiff that they were going to tow the vehicle

9    because it was not registered, and would return it to Plaintiff if he registered the vehicle.  *Id*. ¶¶ 45,

10    47.  Roberts, doing business as Matteson & Beer Towing, thereafter arrived with the tow truck and

11    towed Plaintiff's vehicle.  *Id*. ¶ 51.

12    On the same day, Plaintiff attempted to file a complaint with Davi at the City Attorney's

13    Office.  *Id*. ¶ 59-62.  Davi instructed Plaintiff to speak to the Police Department and explained to

14    Plaintiff that the City Attorney's office did not represent the Police Department in traffic matters.

15    *Id*. ¶ 62.  Plaintiff insisted that it was not a traffic matter but a theft of his private property.  *Id*. ¶

16    63.  Davi again instructed Plaintiff to speak to the Police Department.  *Id*. ¶ 64.  At the Police

17    Department, Plaintiff requested to speak with Chief of Police Shelby but was instead directed to

18    discuss his complaint with Watch Commander Hart.  *Id*. ¶¶ 66-69.  After a brief discussion with

19    Hart, Plaintiff returned to the City Attorney's Office.  *Id*. ¶¶ 70-74.

20    Subsequently, Plaintiff failed to receive adequate or timely responses from either Mall or

21    Davi.  *Id*. ¶¶ 77, 78.  On his third visit to the City Attorney's Office, Davi met with Plaintiff for the

22    final time and instructed Plaintiff to file a claim with the Office of Risk Management.  *Id*. ¶¶ 81-84.

23    **B.  Prior Proceeding**

24    Plaintiff, proceeding pro se, filed a complaint in Monterey County Superior Court on April

25    26, 2010, bringing six claims against Defendants ("*Harper I*").  Plaintiff alleged denial of equal

26    protection, deprivation of due process, takings without notice, theft, fear of reprisal, and "failure to

27    provide honest government services."  *See* Request for Judicial Notice ("RJN") Ex. 1, ECF No. 24-

28

3

1.[3]  On July 30, 2010, the Superior Court sustained the City of Monterey Defendants' demurrer to each and every cause of action in Plaintiff's complaint without leave to amend on the ground that Plaintiff failed to state a cause of action.  *See* RJN Ex. 2, ECF No. 24-2.  The Superior Court dismissed Plaintiff's complaint with prejudice as to the City Defendants and ordered judgment entered in their favor.  *See* RJN Ex. 3, ECF No. 24-3.  According to Roberts, the Court also granted his motion for judgment on the pleadings.[4]  *See* ECF No. 67 at 3.  Plaintiff failed to appeal the state court judgments within the 60-day window.

### C.  The Instant Proceeding

Instead, Plaintiff filed another complaint against the same Defendants in this Court ("*Harper II*").  *See* ECF No. 1.  The facts of the operative Complaint are almost identical to the facts alleged in the original complaint filed in the previously dismissed state action.  *Compare* Compl. *with* RJN Ex. 1.  Likewise, the claims asserted in both actions all arise from the same incident involving the towing of Plaintiff's vehicle and Plaintiff's subsequent attempts to recover his property.  *Compare* Compl. *with* RJN Ex. 1.  The first cause of action in the Complaint alleges violation of Plaintiff's First Amendment right to freedom of expression and redress of grievance.  Compl. ¶ 105.  The second cause of action alleges violation of Plaintiff's Fourth Amendment right to be free from unlawful search, seizure, and detention of his person.  *Id.* ¶ 106.  The third cause of action, brought under the Fifth and Fourteenth Amendments, alleges the taking of Plaintiff's property without just compensation, and that Plaintiff was denied the "Right to Travel" on the public highways, the right not to be deprived of life, liberty, or property without due process of law, the right to equal protection under the law, and the right to be free from unjustified arrest.  *Id.* ¶ 107.  The fourth cause of action, brought under the Sixth Amendment, alleges that Defendants failed to inform Plaintiff of the nature and cause of charges made against him and denied him the opportunity to confront adverse witnesses.  *Id.* ¶ 108.  Finally, the fifth cause of action alleges that

---

[3] City Defendants filed a request for judicial notice in connection with their motion to dismiss.  *See* ECF No. 24.  For the reasons discussed in Section III.A, *infra*, the Court takes judicial notice of these documents.

[4] Roberts asserts that he prevailed on a motion for judgment on the pleadings and that Plaintiff did not appeal the judgment.  ECF No. 67 at 3.  However, unlike the City Defendants, Roberts did not submit a copy of his judgment from the state court by which the Court can verify his assertions.

Case No.: 11-cv-02903-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
For the Northern District of California

1   by towing Plaintiff's vehicle and requiring him to pay fees to retrieve his vehicle, Defendants

2   inflicted cruel and unusual punishment on Plaintiff in violation of his Eighth Amendment rights.

3   *Id.* ¶ 109.  Plaintiff seeks $10 million in damages and declaratory relief.  *Id.* at 17-18.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Moreover, pro se pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.

## III.   DISCUSSION

### A.   Request for Judicial Notice

1    In connection with their motion to dismiss, City Defendants request that the Court take

2    judicial notice of the following documents: (1) Plaintiff's complaint filed with the Monterey

3    Superior Court on April 26, 2010. (RJN Ex. 1); (2) Order Sustaining Demurrer of Defendants City

4    of Monterey, Deborah Mall, M. Christine Davi, Chief Tim Shelby, Sgt. Marty Hart, Sgt. Robert L.

5    Guinvarch & Ofc. Adam Costa to Complaint of Plaintiff Randall Harper dated August 13, 2010.

6    (RJN Ex. 2); and (3) Order Granting Defendants' Motion to Dismiss Defendants City of Monterey,

7    Deborah Mall, Chief Tim Shelby, Sgt. Marty Hart, Sgt. Robert L. Guinvarch & Ofc. Adam Costa

8    and Entering Judgment of Dismissal (RJN Ex. 3)

9    Although a district court generally may not consider any material beyond the pleadings in

10   ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the

11   Complaint, as well as matters in the public record, without converting a motion to dismiss into one

12   for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter

13   may be judicially noticed if it is either "generally known within the territorial jurisdiction of the

14   trial court" or "capable of accurate and ready determination by resort to sources whose accuracy

15   cannot reasonably be questioned." Fed. R. Evid. 201(b).

16   Here, RJN Exhibits 1 (Plaintiff's state court Complaint), 2 (Order Sustaining City

17   Defendants' Demurrer) and 3 (Order Granting City Defendants' Motion to Dismiss and Notice of

18   Entry of Judgment) are all documents filed in the prior suit that form the basis for City Defendants'

19   res judicata argument for dismissal. *See* ECF No. 67 at 3. To determine whether to grant a motion

20   to dismiss for claim preclusion purposes, judicial notice may be taken of a prior judgment and

21   other court records. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice

22   of state court decision and related filed briefs for purposes of determining prior judgment's

23   preclusive effect). Here, the Court finds that all three documents may properly be judicially

24   noticed under Federal Rule of Evidence 201(b) and accordingly GRANTS the City Defendants'

25   request.

26   **B. Res Judicata**

27   Both the City Defendants and Roberts argue that Plaintiff's claims are barred by res

28   judicata, a doctrine which "precludes the parties or their privies from relitigating issues that were or

6

could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995).

The Full Faith and Credit Clause of the U.S. Constitution and 28 U.S.C. § 1738 require federal courts to give full faith and credit to state court judgments. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007); *see* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. To determine the preclusive effect of a state court judgment, federal courts apply state law. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) ("'[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))). Under California law, claim preclusion applies when (1) the party to be precluded was a party or in privity with a party to the previous adjudication; (2) the second lawsuit involves the same "cause of action" as the first; and (3) there was a final judgment on the merits in the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009).

### 1. Identity of Parties

Here, the parties involved in both suits are identical, as there is no dispute that Plaintiff sued the exact same defendants in his prior state court action. In any event, under California claim preclusion rules, the only identity of parties required is the identity of the party against whom preclusion is sought. *See id.* Here, the City Defendants and Roberts seek to preclude Plaintiff from asserting his civil rights claims in federal courts. Plaintiff was unquestionably a party to the previous state court action. *See* RJN Exs. 1, 2, 3. Therefore, the first requirement of claim preclusion is met.

### 2. Same Cause of Action

California law defines a "cause of action" for purposes of res judicata by employing a "'primary rights' theory." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Under the primary rights theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a

7

1    corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant

2    which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading &*

3    *Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand and Tide,*

4    *Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)).  What is key to the analysis is "'the

5    harm suffered.'"  *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (quoting *Agarwal v. Johnson*,

6    25 Cal. 3d 932 (1970)).  "[I]f two actions involve the same injury to the plaintiff and the same

7    wrong by the defendant then the same primary right is at stake even if in the second suit the

8    plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts

9    supporting recovery."  *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174

10   (1983)); *see also Kay*, 504 F.3d at 809 ("California's primary rights theory does not mean that

11   different causes of action are involved just because relief may be obtained under either of two legal

12   theories." (internal quotation marks, citations, and alterations omitted)).  In other words, so long as

13   the same primary right is at issue, res judicata "prevents litigation of all grounds for, or defenses to,

14   recovery that were previously available to the parties, regardless of whether they were asserted or

15   determined in the prior proceeding."  *Kay*, 504 F.3d at 809 (internal quotation marks and citations

16   omitted).  Claims brought under 42 U.S.C. § 1983 are no exception to the principles of claim

17   preclusion.  *See Holcombe*, 477 F.3d at 1097 (citing *Migra*, 465 U.S. at 83-85).  In *Migra*, the

18   Supreme Court specifically rejected the argument that a § 1983 claim that could have been, but was

19   not, raised in a state-court proceeding is exempt from the application of res judicata.  *Migra*, 465

20   U.S. at 84-85.  Thus, Plaintiff's § 1983 and related claims are not exempt from preclusion under

21   the doctrine of res judicata.  *See Holcombe*, 477 F.3d at 1097.

22        Plaintiff's previous state court action alleged denial of equal protection, deprivation of due

23   process, takings without notice, theft, fear of reprisal, and failure to provide honest government

24   services, all stemming from Defendants' towing of his vehicle.  *See RJN Ex. 1*.  Although Plaintiff

25   now seeks relief under 42 U.S.C. §§ 1983, 1985, 1986, 1988 for violation of his First, Fourth, Fifth,

26   Sixth, Eighth and Fourteenth Amendment rights not expressly alleged in the *Harper I* complaint,

27   "the harm suffered" in both actions—the towing of his vehicle by Defendants in violation of his

28   civil rights—is identical.  *San Diego Police Officers' Ass'n*, 568 F.3d at 734; *compare* Compl. *with*

8

RJN Ex. 1. Moreover, both the state action and the instant one arise from the same incident, involving the same actors (the City Defendants and Roberts) allegedly performing the same act (towing Plaintiff's vehicle). *Compare* Compl. *with* RJN Ex. 1; *cf. Brodheim v. Cry*, 584 F.3d 1262, 1268-69 (9th Cir. 2009) (harm "caused at different times, by different acts, and by different actors" resulted in different causes of action). Thus, Plaintiff is seeking to vindicate the same primary right in federal court as he was previously in state court. Plaintiff cannot escape claim preclusion simply by now "plead[ing] different theories of recovery" or "seek[ing] different forms of relief." *San Diego Police Officers' Ass'n*, 568 F.3d at 734. The Court concludes that this second, federal lawsuit involves the same "cause of action" as the earlier state court action, and thus the second requirement for claim preclusion is also satisfied.

### 3. Final Judgment on the Merits

"In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second cause action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Here, the Superior Court sustained the City Defendants' demurrer to Plaintiff's complaint without leave to amend for failure to state a cause of action, and ordered that the action be dismissed with prejudice as to the City Defendants. *See* RJN Exs. 2, 3. Judgment was entered for the City Defendants on October 29, 2010, and notice of entry of judgment was served on Plaintiff on November 12, 2010. *See* RJN Ex. 3. Therefore, under California law, the state court judgment in favor of City Defendants was a judgment on the merits for res judicata purposes.

Furthermore, California law provides that "'the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired.'" *Kay*, 504 F.3d at 808 (quoting *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000)). Plaintiff failed to file a notice of appeal within sixty days after being served notice of entry of judgment. ECF No. 69 at 3; *see* Cal. Rules of Court, Rule 8.104(a). Thus, the state court's judgment became final for res judicata purposes on January 12, 2011, satisfying the third requirement for claim preclusion. All three

9

1  elements of res judicata being present, the Court accordingly GRANTS the City Defendants'

2  motion to dismiss Plaintiff's Complaint as barred by res judicata.

3      Roberts asserts that the Superior Court also found in favor of his favor as well as that of

4  Matteson & Beers Towing on a motion for judgment on the pleadings. *See* ECF No. 67 at 3.

5  Unlike the City Defendants, however, Roberts did not submit any documents from the prior state

6  court proceeding, and thus the Court has no way of verifying that judgment on the merits was, in

7  fact, entered in his favor.  Nonetheless, the absence of proof of Roberts' own favorable judgment is

8  no obstacle to his assertion of res judicata.  Indeed, even had Roberts not been a defendant in the

9  state action, the defense of claim preclusion would still be available to him, because Plaintiff's

10  claims against him here involve the same "cause of action" as those already adjudicated in *Harper

11  I*.[5]  *See San Diego Police Officers' Ass'n*, 568 F.3d at 736 (holding that plaintiff's claims against

12  new defendants not party to prior state action were nonetheless barred by the doctrine of claim

13  preclusion).  As previously discussed, California res judicata law requires only that the party to be

14  precluded was a party or in privity with a party to the prior proceeding.  The Court therefore also

15  GRANTS Roberts' motion to dismiss based on res judicata.

16          **C.  Leave to Amend**

17      Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend

18  "shall be freely given when justice so requires," it is well-established that leave to amend may be

19  denied if the moving party has acted in bad faith, or if allowing amendment would unduly

20  prejudice the opposing party, cause undue delay, or be futile.  *Leadsinger, Inc. v. BMG Music

21  Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  Amendment would be futile if "'the pleading could not

22  possibly be cured by the allegation of other facts.'"  *Lopez*, 203 F.3d at 1130 (quoting *Doe v.

23  United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).  Because

24  Plaintiff's claims are barred under res judicata, the Court finds that amendment would be futile and

25

26  [5] Moreover, Roberts and his towing company do not appear to be state actors, and thus Plaintiff
27  cannot assert claims against them under 42 U.S.C. § 1983 without first establishing that they are
    state actors and then establishing that they violated his civil rights by towing his truck.
28  Adjudicating the second of these issues would necessarily require relitigating Plaintiff's claims
    against the City Defendants, which would be impermissible under the doctrine of res judicata.

1    would unduly prejudice the Defendants.  Accordingly, the Court dismisses Plaintiff's claims with

2    prejudice.

3        **IV.  CONCLUSION**

4            For the reasons stated above, the Court GRANTS the City Defendants' Motion to Dismiss,

5    with prejudice, and also GRANTS Roberts' Motion to Dismiss, with prejudice.  The Clerk shall

6    close the file.

7    **IT IS SO ORDERED.**

8

9    Dated: January 23, 2012                                              _____

10                                                                         LUCY H. KOH
                                                                          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

11

Case No.: 11-cv-02903-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE